**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-1286
_____

JOSE DEL CARMEN REYES-VASQUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  February 10, 2023                          Decided:  October 3, 2023

_____

Before NIEMEYER and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Petition dismissed by unpublished per curiam opinion.

_____

**ON BRIEF:**  H. Glenn Fogle, Jr., THE FOGLE LAW FIRM, LLC, Atlanta, Georgia, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Shelley R. Goad, Assistant Director, Julia J. Tyler, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose del Carmen Reyes-Vasquez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's denial of his application for special rule cancellation of removal under § 203 of the Nicaraguan Adjustment and Central American Relief Act (NACARA), as a matter of discretion. We grant the Attorney General's motion to dismiss the petition for review for lack of jurisdiction.

The NACARA provides that "[a] determination by the Attorney General as to whether an alien satisfies the requirements of [NACARA eligibility] is final and shall not be subject to review by any court." NACARA § 203(a)(1) (Pub. L. No. 105-100, 111 Stat. 2160, 2197-98) (Limitation on Judicial Review). Nevertheless, this Court retains jurisdiction to review "'constitutional claims or questions of law.'" *De Leon v. Holder*, 761 F.3d 336, 339 (4th Cir. 2014) (quoting 8 U.S.C. § 1252(a)(2)(D)). These questions "typically arise from rulings made at the first step of the application process—whether the alien proved eligibility for relief. We retain our jurisdiction to review these constitutional and legal questions recognizing that the ultimate granting of relief is not a matter of right under any circumstances but rather is in all cases a matter of grace to be determined by the Attorney General." *Id*. (internal quotation marks omitted).

Reyes-Vasquez was found eligible for special rule cancellation of removal, but relief was denied as a matter of discretion. Reyes-Vasquez does not assert a constitutional claim or question of law concerning the Immigration Judge's discretionary denial. We therefore lack jurisdiction to review the Immigration Judge's decision. We also conclude

2

that the Board did not err by affirming the Immigration Judge's decision without opinion. *See Atemnkeng v. Barr*, 948 F.3d 231, 239 (4th Cir. 2020) (noting that affirmance without opinion does not violate petitioner's due process rights).

Accordingly, we grant the Attorney General's motion to dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*
